**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Case No. 26-cv-03340-NYW

ENYERLIS LUISNARY CALDERON NAVARRO,

     Petitioner,

v.

GEORGE VALDEZ, in his official capacity,
MARKWAYNE MULLIN, in his official capacity,
DEPARTMENT OF HOMELAND SECURITY,
TODD BLANCHE, in his official capacity,
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, and
JUAN BALTAZAR, in his official capacity,

     Respondents.

_____

### MEMORANDUM OPINION AND ORDER
_____

This matter is before the Court on the Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief ("Petition"). [Doc. 1]. Respondents have responded to the Petition, [Doc. 14], and Petitioner has filed a reply, [Doc. 15]. For the reasons set forth in this Order, the Petition is **GRANTED in part**.

### BACKGROUND

Petitioner Enyerlis Luisnary Calderon Navarro ("Petitioner" or "Ms. Calderon Navarro") is a citizen of Venezuela who entered the United States in 2023. [Doc. 1 at ¶¶ 3, 22, 42]. Upon her entry into the United States, the Government detained Petitioner and then released her under Section 236 of the Immigration and Nationality Act ("INA"). [*Id.* at ¶¶ 3, 43]. On July 10, 2026, Petitioner was detained and taken into ICE custody following a traffic stop. [*Id.* at ¶ 5]. She was detained without an arrest warrant, [*id.*], and

is currently detained at the Aurora ICE Detention Center in Aurora, Colorado, [*id.* at ¶¶ 16, 28, 42].   On July 30, 2026, Ms. Calderon Navarro received a bond hearing; the immigration judge promptly denied bond without hearing any testimony from Petitioner, finding Petitioner to be a flight risk.  [Doc. 11 at 2–3].  Petitioner alleges that this finding was based on "DHS's false claim that Petitioner filed no applications for relief," when in reality she had filed an asylum application and intends to file a T-Visa petition given that she is a trafficking victim.  [*Id.*].

Ms. Calderon Navarro asserts three claims for relief:  (1) violation of her Fifth Amendment due process rights; (2) violation of the INA § 235(b), 8 U.S.C. § 1226(b); and (3) violation of the INA § 236(a), 8 U.S.C. § 1226(a).  [Doc. 1 at ¶¶ 48–81].  She asks the Court to order Respondents to immediately release her from custody.  [*Id.* at 21; Doc 11 at 3].  She also asks the Court to award her costs and attorney's fees under the Equal Access to Justice Act.  [Doc. 1 at 21].

This matter is fully briefed and ripe for disposition.  No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

**LEGAL STANDARD**

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the

writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

**ANALYSIS**

There is no dispute that Petitioner is held pursuant to 8 U.S.C. § 1226(a). She was initially released into the United States pursuant to this statute, [Doc. 1 at ¶ 43], and was recently granted a bond hearing pursuant to this statute, [Doc. 11 at 2]. Respondents do not contend otherwise. *See* [Doc. 14 at 1 (not disputing Petitioner's argument "that the authority for her detention is 8 U.S.C. § 1226")]; *see also Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) ("We hold that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A).").

However, § 1226(a) authorizes arrest and detention only "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a); *see* [Doc. 1 at ¶ 44 (Petitioner alleging that she was detained "without being issued an arrest warrant, which has been ruled an unlawful arrest in the U.S. District of Colorado")]. Thus, "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a). . . . As such, it follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025); *accord, e.g., J.A.C.P. v. Wofford*, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *Ahmed M. v. Bondi*, No. 25-cv-04711-ECT-SGE, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026). It follows, then, that "[i]f the alien [detained under

§ 1226(a)] has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered." *Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023); *see also Jennings*, 583 U.S. at 302 ("[Section 1226(a)] authorizes detention only '[o]n a warrant issued' by the Attorney General leading to the alien's arrest."); *Quezada-Estrada v. Lyons*, No. 26-cv-01599-NYW, 2026 WL 1361880 (D. Colo. May 15, 2026), at *5 ("Fundamentally, Respondents may not detain first, and justify later." (collecting cases)).

This is consistent with Department of Homeland Security regulations permitting immigration officers to "arrest[] and take[] into custody" individuals suspected of violating the immigration laws *after* the officers have obtained a warrant and a Notice to Appear ("NTA"). *See* 8 C.F.R. §§ 236.1(b), 1236.1(b); *see also Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1216 (D. Colo. 2025) (observing that ICE officers "possess extremely broad authority" to arrest individuals subject to removal proceedings once a warrant and NTA have issued), *appeal docketed sub nom.*, *Ramirez Ovando v. Mullin*, No. 26-1027 (10th Cir. Jan. 26, 2026).

Without a warrant, however, the Government's authority to make immigration arrests is "more limited." *Ramirez Ovando*, 810 F. Supp. 3d at 1216 (quoting *Arizona v. United States*, 567 U.S. 387, 408 (2012)). An immigration officer may make a warrantless arrest "if he has reason to believe" that a noncitizen is unlawfully present in the United States "and is likely to escape before a warrant can be obtained." 8 U.S.C. § 1357(a)(2). Courts have interpreted the "reason to believe" language as equivalent to the constitutional probable cause standard and requiring a particularized finding of probable cause that the noncitizen is likely to escape. *See Ramirez Ovando*, 810 F. Supp. 3d at

4

1216–17 (citing *Roa-Rodriguez v. United States*, 410 F.2d 1206, 1209 (10th Cir. 1969)) (further citations omitted); *Escobar Molina v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 3d 1, 30–31 (D.D.C. 2025).[1]  Once an officer makes a warrantless arrest, the Government generally must make a custody determination within 48 hours and decide "whether the alien will be continued in custody or released on bond or recognizance and whether a notice to appear and warrant of arrest . . . will be issued."  8 C.F.R. § 287.3(d).

The record before the Court demonstrates that the Government did not comply with these requirements when arresting and detaining Petitioner.  The Petition, which is signed by Petitioner's counsel, alleges that Petitioner was detained "without an arrest warrant following an unlawful traffic stop."  [Doc. 1 at ¶ 5].  Respondents do not address this issue at all in their Response and do not attach any warrant, *see* [Doc. 14 (Respondents conceding that they "are not submitting a brief in opposition to the Petitioner, or to allegations contained in the Motion to Clarify")], even though they are the ones who "bear the burden to justify Petitioner's detention," *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1185 (D. Colo. 2024).  They have therefore waived any arguments in opposition. *Quezada-Estrada*, 2026 WL 1361880, at *6 (citing *Eateries, Inc. v. J.R. Simplot Co.*, 346 F.3d 1225, 1232 (10th Cir. 2003) ("A party forfeits an issue it does not support with legal authority or argument." (quotation omitted))).

---

[1] In the context of pretrial detention under the Bail Reform Act, the Tenth Circuit has observed that a defendant cannot be detained based on a risk of flight due solely to their status as a removable non-citizen.  *See United States v. Sanchez-Rivas*, 752 F. App'x 601, 604 (10th Cir. 2018) (citing *United States v. Ailon-Ailon*, 875 F.3d 1334, 1338 (10th Cir. 2017)).  This is equally applicable in this context, because otherwise, the two requirements of 8 U.S.C. § 1357(a)(2) would collapse into one.

Accordingly, the Court finds that Respondents did not comply with the requirements of 8 U.S.C. § 1226(a) when arresting and detaining Petitioner, and the Petition is respectfully **GRANTED** as to Petitioner's third claim, violation of 8 U.S.C. § 1226(a). The Court will order Ms. Calderon Navarro released, because "[r]elease is an appropriate habeas remedy where a petitioner's current detention lacks a 'lawful predicate.'" *Id.* (quoting *Ahmed M.*, 2026 WL 25627, at *3).[2] Having granted Petitioner her requested relief, the Court need not reach Petitioner's other claims.

### CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1)    The Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief [Doc. 1] is **GRANTED in part**;

(2)    Within **48 hours** of this Order, Respondents **SHALL RELEASE** Petitioner from custody; and

(3)    On or before **August 17, 2026**, the Parties shall file a joint status report confirming that Petitioner was released.

DATED: August 11, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge

---

[2] Petitioner also seeks attorney's fees and costs under the Equal Access to Justice Act. [Doc. 1 at 21]; *see also Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025). But this District's Local Rules require that those requests be made by separate motion. *See* D.C.Colo.LCivR 54.3. A fee award is thus inappropriate at this juncture.