**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-03340-NYW

ENYERLIS LUISNARY CALDERON NAVARRO,

Petitioner,

v.

GEORGE VALDEZ, in his official capacity,
MARKWAYNE MULLIN, in his official capacity,
DEPARTMENT OF HOMELAND SECURITY,
TODD BLANCHE, in his official capacity,
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, and
JUAN BALTAZAR, in his official capacity,

Respondents.

---

**ORDER**

---

This matter is before the Court on:

(1) Petitioner's Non-Stipulated Proposed Bill of Costs ("Proposed Bill of Costs") [Doc. 20, filed August 16, 2026]; and

(2) Petitioner's Motion for Attorney Fees ("Motion" or "Motion for EAJA Fees") [Doc. 21, filed August 16, 2026].

Respondents filed a Response to the Proposed Bill of Costs and the Motion for EAJA Fees, [Doc. 22; Doc. 24], and Petitioner filed Replies, [Doc. 23; Doc. 25].[1] For the

[1] Petitioner filed a second "Reply to Response to Motion for Attorney's Fees," in which she explained as follows: "Counsel intended her previous Reply (ECF No. 23) as a response to Respondents' Objection to the Bill of Costs (ECF No. 22), which she misunderstood to be Respondents' response to the Motion for Fees (ECF No. 21). Counsel asserts that she does not seek double costs." [Doc. 25 at 1].

reasons herein, Respondents' Objection to the Proposed Bill of Costs is **OVERRULED** and the Motion for EAJA Fees is respectfully **GRANTED**.

## BACKGROUND

On July 23, 2026, Petitioner Enyerlis Luisnary Calderon Navarro ("Petitioner" or "Ms. Calderon Navarro") filed her Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief ("Petition"). [Doc. 1]. Ms. Calderon Navarro is a citizen of Venezuela who entered the United States in 2023. [*Id.* at ¶¶ 3, 22, 42]. Upon her entry into the United States, the Government detained Petitioner and then released her under Section 236 of the Immigration and Nationality Act. [*Id.* at ¶¶ 3, 43]. On July 10, 2026, Petitioner was detained without an arrest warrant and taken into the custody of U.S. Immigration and Customs Enforcement ("ICE") following a traffic stop. [*Id.* at ¶ 5]. She was held at the Aurora ICE Detention Center in Aurora, Colorado. [*Id.* at ¶¶ 16, 28, 42]. On July 30, 2026, Ms. Calderon Navarro received a bond hearing; the immigration judge denied bond without hearing any testimony from Petitioner, finding Petitioner to be a flight risk. [Doc. 11 at 2–3]. After the Court issued an Order to Show Cause as to why the Petition should not be granted, [Doc. 10], Petitioner filed a Motion to Clarify, [Doc. 11]. The Court then ordered Respondents to also address the Motion to Clarify. [Doc. 12]. Respondents responded on August 6, 2026, stating that "Respondents do not concede that the bond hearing was constitutionally deficient, but for the purposes of this specific case, are not submitting a brief in opposition to the Petition, or to allegations contained in the Motion to Clarify, detailing the facts and circumstances of this case." [Doc. 14 at 2].

Finding that the Government did not comply with the requirements for making a warrantless arrest, the Court granted the Petition on August 11, 2026, and ordered

Petitioner released from custody within 48 hours. [Doc. 16 at 6]. The Court further ordered the Parties file a Joint Status Report no later than August 17, 2026, confirming Ms. Calderon Navarro's release. [*Id.*]. The Parties confirmed that Respondents released Ms. Calderon Navarro on August 12, 2026. [Doc. 17].

Final judgment entered on August 14, 2026. [Doc. 19]. On August 16, 2026, Petitioner filed the instant Proposed Bill of Costs indicating that Respondents objected to fees for service of summons and complaint by certified mail of $158.00. [Doc. 20 at 2]. Respondents filed an Objection to Proposed Bill of Costs on August 28, 2026, arguing that costs for postage are not authorized by 28 U.S.C. § 1920, and the United States has not waived sovereign immunity as to such postage fees. [Doc. 22]. Respondents otherwise did not object to the award of $28.00 for the filing fee and costs of duplication. [*Id.* at 3].

October 27, 2026, Petitioner filed the instant Motion for EAJA Fees, [Doc. 21], to which Respondents have responded, [Doc. 24]. Respondents argued that the Court should not grant duplicate awards for the filing fee and the costs of mailing, but it did not oppose the request for $575.00 in attorney's fees. [*Id.*].

## LEGAL STANDARDS

***Costs.*** The Equal Access to Justice Act ("EAJA") contemplates that a judgment of costs, as enumerated by 28 U.S.C. § 1920, may be awarded to the prevailing party in a civil action brought against the United States, its agencies, or an official of the United States acting in his or her official capacity. 28 U.S.C. §§ 2412(a)(1). Section 1920 of Title 28 of the United States Codes sets forth the specific categories of costs that may be taxed by a judge or clerk of any federal court pursuant to Rule 54(d):

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The form Bill of Costs used to seek costs in the District of Colorado, based on Form AO133 from the Administrative Office of the United States Courts, however, has a space of "[f]ees for service of summons and complaint." [Doc. 20 at 2].

***Attorney's Fees and Other Expenses.*** Except as otherwise specifically provided by statute, the EAJA also authorizes the Court to award attorney's fees and other expenses in civil actions brought by or against the United States or any agency or any official of the United States to a prevailing party (other than the United States), unless the Court "finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(a)(1), (d)(1)(A).

The Tenth Circuit has expressly held that habeas actions challenging immigration detention constitute "civil actions" under the EAJA. *See Daley v. Ceja*, 158 F.4th 1152, 1155 (10th Cir. 2025). "Under the EAJA a party can recover attorney's fees against the United States if (1) he was the prevailing party, (2) the government's position in the case was not substantially justified, (3) the party is eligible to receive an award; and (4) the amount sought is reasonable." *Alarcon v. Baltazar*, 841 F. Supp. 3d 672, 675 (D. Colo. 2026). Respondents bear the burden of showing that their legal positions were substantially justified. *See Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995). "The test for substantial justification in this circuit is one of reasonableness in law and fact." *Id.*

This Court considers the totality of the circumstances because, "the EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items." *Commissioner v. Jean*, 496 U.S. 154, 161–62 (1990). Additionally, the government's prelitigation actions and litigation position "are both relevant to the inquiry and both must be reasonable in fact and law." *Al-Maleki v. Holder*, 558 F.3d 1200, 1207 (10th Cir. 2009).

## ANALYSIS

***Costs.*** There is no dispute that Petitioner is the prevailing party for the purposes of the award of costs pursuant to § 2412(a)(1) or that the $5.00 filing fee for the Petition is a compensable cost; the dispute arises over the $158.00 of postage fees claimed as "[f]ees for service of summons and complaint."[2] [Doc. 20 at 2]. While a trial court maintains discretion in the award of costs, it does not have the discretion to award costs not contemplated by § 1920. *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987). Generally, postage is not considered a valid request for costs under 28 U.S.C. § 1920. *See Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986) (costs for postage fees not authorized). But is not clear from either *Weakley*, or the cases upon which it relies, whether the postage fees that were excluded were associated with the service of the summons and complaint, or with mailing other papers. *See id.* at 580 (citing

[2] While the two receipts from the U.S. Postal Service reflect totals of $289.60 and $47.15 respectively, [Doc. 20-2; Doc. 20-3], Petitioner's counsel submitted an "Affidavit for Bill of Costs" attesting to $163 in service/mailing fees in conjunction with her Motion for EAJA Fees, [Doc. 21 at 4].

*Mass. Fair Share v. Law Enf't Assistance Admin.,* 776 F.2d 1066 (D.C. Cir. 1985); *Wyandotte Savings Bank v. NLRB,* 682 F.2d 119 (6th Cir. 1982)).

Respondents argue that the cost of postage is not a compensable cost delineated § 1920, and because the EAJA is a waiver of sovereign immunity it must be read strictly. [Doc. 22 at 2]. They are correct in principle. *See Ardestani v. I.N.S.*, 502 U.S. 129, 137 (1991). Section 1920 does not use the term "service," but rather, contemplates fees of a "marshal." 28 U.S.C. § 1920(1). It does not appear that the Tenth Circuit has addressed this precise issue. But courts within the Tenth Circuit and outside of the Tenth Circuit have concluded that language extends to fees associated other types of service. *See Gomez v. Timberline Custom Builders, LLC*, No. 23-cv-01510-RMR, 2026 WL 2069845, at *3 (D. Colo. July 17, 2026) (awarding costs under § 1920 to include costs incurred for service of process); *Karsian v. Inter-Reg'l Fin. Grp., Inc.*, 13 F. Supp. 2d 1085, 1087–88 (D. Colo. 1998) (awarding costs incurred in obtaining service of process as a taxable cost under § 1920(1)); *Tate v. Statco Eng'g &, Fabricators, Inc*., No. 12-cv-00002-JHP, 2014 WL 12791248, at *1 (E.D. Okla. May 13, 2014) (same); *Mtglq Invs., LP v. Wellington*, No. 17-cv-00487-KG-LF, 2020 WL 5943660, at *4 (D.N.M. Oct. 7, 2020) (same; collecting cases); *Griffith v. Mt. Carmel Med. Ctr.*, 157 F.R.D. 499, 508 (D. Kan. 1994) (awarding costs of private process servers only up to the statutory cap for Marshal's office effected service). *See also Alflex Corp. v. Underwriters Lab'ys, Inc.*, 914 F.2d 175, 178 (9th Cir. 1990), *disapproved of by Collins v. Gorman*, 96 F.3d 1057 (7th Cir. 1996);

Here, Rule 4(i) of the Federal Rules of Civil Procedure governs the service to an agency of the United States, and mandates that "a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail

to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). To serve the United States, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1). To properly serve Respondents, Petitioner was permitted—and in some cases required—to mail copies by registered or certified mail of the Petition to the civil process clerk at the United States Attorney's Office for the District of Colorado and send a copy to the Attorney General of the United States at Washington, D.C. and to each employee sued in his official capacity. This Court finds that the postage associated with such service is properly taxable as a cost under the EAJA and § 1920(1).[3]

---

[3] While the EAJA must be read strictly, the Supreme Court also recognizes that "once Congress has waived sovereign immunity over certain subject matter, the Court should be careful not to "assume the authority to narrow the waiver that Congress intended." *Ardestani*, 502 U.S. at 137. Even if the postage associated with serving the Petition is not properly taxed as a cost, Section 2412(d)(1)(B) expressly contemplates the award of "fees and other expenses." 28 U.S.C. § 2412(d)(1)(B). The definition of "fees and other expenses" is not limited to the enumerated categories of other expenses, but is limited to expenses that are "found by the court to be necessary for the preparation of the party's case." *Id.* at 2412(d)(2)(A). And service by the means that is required by Rule 4(i) of the Federal Rules of Civil Procedure is clearly necessary for the preparation of Petitioner's case and comports with "[t]he clearly stated objective of the EAJA", i.e. "to eliminate financial disincentives for those who would defend against unjustified governmental action and thereby to deter the unreasonable exercise of Government authority."

***Attorney's Fees.*** With respect to Petitioner's request for attorney's fees, Respondents "do not submit a brief in opposition." [Doc. 24 at 3]. They do not contest that Petitioner was the prevailing party, that Respondents' position was not substantially justified, or that Petitioner's fees requested are reasonable (including hourly rate and the number of hours claimed). *See* [*id.*]. Because Respondents do not contest Petitioner's positions on these issues, this Court deems any challenges to these issues waived. *See Adamscheck v. Am. Fam. Mut. Ins. Co.*, 818 F.3d 576, 588 (10th Cir. 2016) (a party's failure to respond to an argument renders the issue waived). And because Respondents bear the burden of showing that their legal positions were substantially justified, by failing to even address the issue, they have failed to carry their burden.

Upon review of the record, this Court has satisfied itself that Ms. Calderon Navarro is the prevailing party and the number of hours claimed by Ms. Calderon Navarro's attorney (5.75 hours) is reasonable.[4] [Doc. 21 at 2]. "EAJA provides that attorney fees are not to be awarded in excess of $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee." *Morales Lopez v. Baltazar*, 834 F. Supp. 3d 1193, 1206 (D. Colo. 2026). Here, the requested hourly rate of $100 per hour is below the EAJA statutory rate and is reasonable in this case. [Doc. 21 at 2].

---

*Ardestani*, 502 U.S. at 138. Accordingly, this Court would alternatively award the cost of postage as an "other expense" under § 2412(d)(1)(B).

[4] Should Petitioner's counsel file other motions for attorney's fees in the District of Colorado in the future, she is advised that she must comply with Local Rule 54.3, which sets forth the requirements of a request for attorney's fees. D.C.COLO.LCivR 54.3.

## CONCLUSION

(1) Respondents' Objection to Proposed Bill of Costs [Doc. 22] is **OVERRULED**;

(2) Petitioner's Proposed Bill of Costs [Doc. 20] is **GRANTED** and costs are **TAXED** against Respondents in the amount of $163.00;

(3) Petitioner's Motion for Attorney Fees [Doc. 21] is **GRANTED**; and

(4) Petitioner is **AWARDED $575.00** in attorney's fees pursuant to the Equal Access to Justice Act.

DATED: November 25, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge